UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DISH NETWORK L.L.C.,**
**ECHOSTAR TECHNOLOGIES L.L.C.**
**and NAGRASTAR L.L.C.,**

    **Plaintiffs,**

v.                                                                                   Case No.  8:08-cv-590-T-30TBM

**ROBERT WARD,**

    **Defendant.**
_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Counts II, IV, and V of the Amended Complaint (Dkt. 26) and Plaintiffs' Response to the same (Dkt. 29).  The Court, having considered the motion, response, complaint, and being otherwise advised in the premises, concludes that Defendant's motion should be denied.

**Motion to Dismiss Standard Under 12(b)(6)**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff.  *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  To survive a motion to dismiss, a plaintiff's complaint must include

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1959.

### Discussion

Plaintiffs Dish Network, L.L.C., EchoStar Technologies, L.L.C. (collectively, "Dish"), and NagraStar, L.L.C. ("Nagrastar") brought this action against Defendant Robert Ward ("Ward") alleging that Ward unlawfully distributed and trafficked in devices, components, and technology intended to facilitate the illegal and unauthorized reception and decryption of Dish's subscription and pay-per-view television programming. Ward now brings this motion to dismiss Count II--Unauthorized Decryption and Reception of Satellite Signals in violation of the Communications Act, 47 U.S.C. §605(a), Count IV–Unauthorized Interception of Electronic Communications in Violation of the Electronic Communications Privacy Act, 18 U.S.C. §2520(a), and Count V–Unjust Enrichment of the Amended Complaint.

**A.     Background**

Dish provides digital satellite television programming to its customers, who have paid a subscription fee or the purchase price of a pay-per-view program, throughout the United States, Puerto Rico, and the U.S. Virgin Islands. Dish's satellite transmissions are encrypted

(electronically scrambled) to prevent unauthorized viewing of its television programming. In order for it's customers to receive, decrypt (unscramble), and view the satellite television programming, each customer must possess a satellite dish antenna, an integrated receiver/decoder ("receiver"), and an access card that operates the receiver. The access cards have security software programmed into microprocessors which are embedded into the cards.

Customers subscribing to a package of satellite television programming with Dish receive an access card that allows them to decode and view the channels included in their selected package. The access card also prohibits subscribers from decoding and viewing programming they have not purchased.

According to Dish, satellite pirates have developed a way to circumvent Dish's security measures to obtain unauthorized access to Dish's satellite programming through the use of so-called "free-to-air" receivers ("FTA receivers").[1] Manufacturers of FTA receivers developed firmware[2] and components within each receiver that will accept and receive illegal pirating software that contains the secret keys and codes to Dish's security system. Commercial pirates distribute this pirating software and instructions for its use over the internet. These pirates often also advertise their brand of FTA equipment on the same websites that they use to distribute the pirating software. Here, Dish alleges that Ward

---

[1] FTA receivers are similar to the receivers used by Dish but they receive only free-to-air satellite television signals, which are either not scrambled or scrambled but available free of charge. FTA receivers cannot descramble Dish's programming without utilizing security keys and technology codes found in the access card software (Dkt. 19, Amended Compl. ¶26).

[2] Firmware is a computer program embedded into a hardware device. Firmware, http://en.wikipedia.org/w/index.php?title=Firmware&oldid=237853667 (last visited Sep. 12, 2008).

distributes and promotes the sale of FTA receivers and pirating software as well as publicizes his own use of FTA receivers and pirating software to intercept Dish's programming.

B. **Count II--Unauthorized Decryption and Reception of Satellite Signals in violation of the Communications Act, 47 U.S.C. §605(a)**

Section 605(a) of the Communications Act ("the Act") prohibits the unauthorized interception, or assistance to others in the interception, of radio communications. Ward claims that Count II pleads a cause of action that is unavailable to Dish under §605(a) because direct-to-home satellite transmissions do not fall within the meaning of "radio communications." The Eleventh Circuit, however, has expressly held that "satellite transmissions intended for fee paying subscribers" are included in the meaning of radio communications under the Act. *Cable/Home Commc'n Corp. v. Network Prods, Inc.*, 902 F.2d 829, 848 (11th Cir. 1990)(quoting *Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Ass'n*, Inc., 881 F.2d 983, 988 (11th Cir. 1989). As noted earlier, Dish's programming is specifically intended for fee paying subscribers. Therefore, Dish's satellite transmissions do fall the scope of §605(a) of the Communications Act.

C. **Count IV–Unauthorized Interception of Electronic Communications in Violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §2520(a)**

Ward claims that Dish failed to plead sufficient facts to plead a cause of action under 18 U.S.C. §2520(a). Specifically, Ward claims that Dish alleges that a person must have a satellite dish, an EchoStar access card, and a receiver in order to receive Dish's satellite signals, whether authorized or not. However, Ward's reading of the complaint is faulty. In it's complaint, Dish alleges that "a consumer wishing to subscribe to and receive Dish

Network Programming must first have the necessary equipment." (Compl. ¶14.) In other words, the satellite dish, access card, and receiver are only necessary for *authorized* viewing.

Additionally, Dish clearly alleged that Ward used "FTA receivers, components, and corresponding Pirate Software" to unlawfully intercept Dish's satellite programming. (Compl. ¶57.) Allegations of mere possession of piracy equipment are all that is necessary to plead a cause of action under §2520 of the ECPA. *Directv, Inc. v. Cardona*, 275 F. Supp. 2d 1357, 1362 (M.D. Fla. 2003). Here, Dish has clearly alleged more than mere possession and it has pled sufficient facts to survive a motion to dismiss.

**D.     Count V–Unjust Enrichment**

Ward claims that Dish failed to properly plead a cause of action for unjust enrichment. To state a claim for unjust enrichment under Florida law, a plaintiff must allege facts that, if taken as true, would show: (1) a benefit was conferred upon the defendant; (2) the defendant either requested the benefit or knowingly and voluntarily accepted it; (3) a benefit flowed to the defendant; and (4) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying the value thereof. *W.R. Townsend Contr., Inc. v. Jensen Civ. Constr., Inc.*, 728 So. 2d 297, 303 (Fla. 1st DCA 1999).

Dish has alleged that Ward has been intentionally garnering lost profits from Dish by promoting the use of pirating technology to steal Dish's programming as well as personally receiving Dish's programming for free. Dish further alleged that Ward is in possession of Dish's trade secrets and proprietary information. These allegations, if taken as true, clearly show that Ward knowingly and voluntarily received a benefit from Dish and that it would

be inequitable for Ward to retain Dish's programming without paying for it or to retain Dish's lost profits.

Finally, Ward asserts that the unjust enrichment claim is duplicative because there are statutory causes of action that cover the same alleged conduct and provide relief. However, Count V is simply an alternative pleading and Federal Rule of Civil Procedure 8(a) expressly allows for it.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Counts II, IV, and V of the Amended Complaint (Dkt. 26) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on September 18, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-590.mtd.frm